BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE BOB MARGETT, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May city council members of a general law city redirect the value of health insurance benefits to a deferred compensation plan without violating the statutory limitation upon the amount of compensation authorized for council members?
 CONCLUSION
City council members of a general law city may redirect the value of health insurance benefits to a deferred compensation plan without violating the statutory limitation upon the amount of compensation authorized for council members.
 ANALYSIS
Government Code section 36516[1] authorizes a city to provide its city council members with a salary of between $300 and $1,000 per month, depending upon the size of the city's population. However, an exception to the salary limitation is provided by subdivision (e) of the statute, which states:
 "Any amounts paid by a city for retirement, health and welfare, and federal social security benefits shall not be included for purposes of determining salary under this section provided the same benefits are available and paid by the city for its employees."
The question presented for resolution is whether city council members may redirect the value of their health benefits to a deferred compensation plan without violating the compensation limitation of section 36516. We conclude that they may.
In 2000, we considered a similar situation involving members of the governing board of a school district. (83 Ops.Cal.Atty.Gen. 124 (2000).) There, as here, the amount to be paid to board members for their services was limited by statute. (Id. at pp. 125-126; see Ed. Code, § 35120.) There also, as here, another statutory provision allowed the school district to provide its members with certain benefits, including health insurance, without concern for the statutory compensation limitation. Section 53208, the statute governing the analysis in our 2000 opinion, states:
 "Notwithstanding any statutory limitation upon compensation or statutory restriction relating to interest in contracts entered into by any local agency, any member of a legislative body may participate in any plan of health and welfare
benefits permitted by this article." (Italics added.)
Our prior opinion resolved whether a school district could provide school board members with cash payments in lieu of health insurance benefits without running afoul of the statutory limitation upon compensation. We concluded that it could not because, while "health and welfare benefits" could be provided without regard to the compensation limitation, cash payments were not "health and welfare benefits" for purposes of the statute. (Id. at p. 127; see § 53200, subd. (d) [defining "health and welfare benefit"].)
We believe that there are material differences between the statutes governing the present situation and those that governed our 2000 opinion. First, we are given here that the city offers a variety of benefits to all employees on a "cafeteria-style" plan. That is, the city contributes a fixed amount to each employee for all benefits, with the employee then choosing from among the benefits offered. The offered benefits include health insurance and a deferred compensation plan.
The city's deferred compensation plan is a retirement-related plan organized under section 457 of the Internal Revenue Code (26 U.S.C. § 457). This type of deferred compensation plan allows employees of government agencies and non-profit organizations to place pre-tax earnings into an account and to defer income taxes on the interest as it accrues. Significantly, the contributing employee has no immediate claim on the assets in the account. Instead, distributions may be made to the employee only upon retirement, severance from employment, in an unforeseeable emergency, or to a named beneficiary upon the employee's death. (See 26 C.F.R. § 1.457-6 (2005).)
Under the city's cafeteria-style benefits plan, any employee may elect to forego health insurance and redirect the value of the coverage to a deferred compensation plan or other selected benefit.[2] Thus, there is an important factual difference between this situation and the one we considered in 2000. Here, the redirection to a deferred compensation plan would not be equivalent to a cash payment because the funds in a deferred compensation plan are not immediately available. Contributions to a deferred compensation plan are intended to provide the employee with a retirement benefit, and may only be distributed upon the occurrence of specified contingencies.
More importantly, the statutory exception to the compensation limitation in our earlier opinion extended only to "health and welfare benefits." (83 Ops.Cal.Atty.Gen., supra, at pp. 126-127.) In contrast, the exception to the salary limitation in question extends not only to "health and welfare" benefits but also to "retirement" benefits. (§ 36516, sub. (d), (e).) Consequently, retirement benefits are not counted for purposes of determining the amount of a city council member's salary. In effect, redirecting the value of a health insurance benefit to a deferred compensation plan does nothing more than convert one type of exempt benefit to another type of exempt benefit. And since "the same benefits are available and paid by the city for its employees" (Gov. Code, § 36516, subd. (e)), the redirection would not violate the statutory limitation on salaries for city council members.
Accordingly, we conclude that city council members of a general law city may redirect the value of health insurance benefits to a deferred compensation plan without violating the statutory limitation upon the amount of compensation authorized for council members.
[1] All further references to the Government Code are by section number only.
[2] We are informed that an employee who elects to forego a health insurance benefit may be required to demonstrate existing health coverage.